UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MITCHELL,

    Plaintiff,

v.

                                      Case No. 2:19-cv-10633
                                      Hon. Sean F. Cox

HEIDI WASHINGTON, *ET AL.*,

    Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Gary Mitchell, who is presently confined at the Carson City Correctional Facility has filed a *pro se* civil rights complaint. He names fifteen defendants, all of whom are employed by the Michigan Department of Corrections ("MDOC"). For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

1

(1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

The complaint names fifteen defendants: (1) MDOC Director Heidi Washington, (2) Assistant Deputy Warden Greason, (3) Prison Counselor Ms. V. Hinorosa, (4) Residential Unit Manager Mr. Kinner, (5) Assistant Residential Unit Manager Mr. Rushing, (6) Grievance Coordinator Ms. Taylor, (7) Hearing Officer Mr. M. Szappan, (8) Corrections Officer Turner, (9) Corrections Officer Dill, (10) Corrections Officer Dancy, (11) Mental Health Specialist Mr. Levine, (12) Corrections Officer Edwards, (13) Residential Unit Manager Ms. Grant, (14) Warden Warren, and (15) MDOC Deputy Director Rapelje.

Plaintiff claims that on November 2, 2018, while he was housed at the Macomb Correctional Facility, he was taken to the segregation unit by defendants Turner, Dancy, and Edwards. He asserts these officers failed to secure his cell door, which allowed another inmate to remove his television from his cell.

When plaintiff returned to his unit and loudly demanded to know who stole his television, another inmate said that he did it, but that plaintiff told the guards he would be killed. Defendant Turner heard the commotion and asked plaintiff what was wrong. Plaintiff informed Turner of the prisoner who took his television, and Turner retrieved and returned it to plaintiff.

When Turner informed plaintiff that the prisoner would be given a ticket for stealing, Plaintiff complained that the prisoner was a member of the "Blood Gang" and that the gang would get him for snitching.

2

Plaintiff requested that Turner place him in protective custody. Turner contacted defendant Rushing regarding the request. Rushing told Turner that the facility did not have protective custody, and so Turner ordered plaintiff to return to his cell. Plaintiff refused and was placed in administrative segregation for failing to comply with a direct order.

Later that day, plaintiff was taken before a security classification committee comprised of defendants Hinorosa, Kinner, Levine, and Greason. Plaintiff again complained about the threat made by the other prisoner, but he was again informed by Greason that the facility did not offer protective custody. Plaintiff was given another direct order to return to his unit.

Plaintiff asserts that he filed a grievance regarding the issue on November 4, 2018, but defendant Taylor refused to process or address it.

On November 9, 2018, Plaintiff was found guilty of disobeying a direct order by defendant Szappan and given seven days in the "hole" and ten days loss of privileges. Plaintiff filed a grievance asserting that the facility was in effect punishing prisoners who request protective custody, but it was ignored.

On November 14, 2018, plaintiff was "screamed and yelled at by other inmates" for informing on other inmates regarding the stolen television. Dkt. 1, at 13. Plaintiff asserts that he told defendant Warren that he was being unfairly punished, but Warren did nothing.

On November 16, 2018, plaintiff asserts that he was again ticketed for refusing to return to his cell, this time by defendant Dill.

3

Finally, plaintiff was transferred to the Chippewa Correctional Facility on December 5, 2018. There he says he was beaten by his cellmate for being a "rat." *Id.* at 14.

Based on these alleged facts, Plaintiff claims that defendants Hinorosa, Kinner, Rushing, Levine, Grant, and Greason acted with deliberate indifference to his safety by finding him guilty of disobeying a direct order for refusing to return to his cell, and by failing to investigate his complaints.

Plaintiff further claims that defendant Warren was deliberately indifferent to his safety by failing to do anything to protect him after Plaintiff made a personal complaint to him. Plaintiff claims that defendant Taylor violated his right to access to the courts by failing to address his grievances.

Finally, Plaintiff claims that defendants Washington and Rapelje were deliberately indifferent to his safety by failing to supervise or train their subordinates.

### IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

**A. Failure to Protect**

Plaintiff's chief complaint is that the defendants failed to protect him from being assaulted by fellow inmates by failing to provide him with protective custody at the Macomb Correctional Facility.

Prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994). *See Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result, prison officials may not remain deliberately indifferent to the risk of harm a

prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, the plaintiff must satisfy an objective and subjective component. The objective component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. *Richko*, 819 F.3d at 915.

The major problem with plaintiff's claim is that he was not actually physically assaulted at the Macomb Correctional Facility as a result of the defendants' alleged acts. To state a failure-to-protect claim, a plaintiff must allege physical injury. *See e.g.*, *Wallace v. Holloway*, 2017 WL 4001569, at *7 (W.D. Tenn. Sept. 11, 2017) (dismissing failure to protect claim where prisoner failed to allege that such failure resulted in a physical injury); *Dickey v. Rapier*, 2017 WL 1424803, at *5 (W.D. Ky. Apr. 20, 2017) ("Because Plaintiff alleges no injury [as a result of defendant's failure to protect him], he fails to state a claim upon which relief may be granted.") (citing *Wells v. Jefferson Cty. Sheriff Dep't*, 159 F. Supp. 2d 1002, 1010 (S.D. Ohio 2001) (same)). While Plaintiff asserts that he was physically assaulted at the Chippewa facility after he was transferred from the Macomb facility, the

6

complaint does not connect any alleged action or omission by any of the defendants to the assault at that other facility.

Moreover, to the extent plaintiff asserts that he was transferred from the Macomb Facility as a result of the threats made against him, such action shows that the defendants were not deliberately indifferent to his safety but took a form of corrective action. "Responding to a risk to an inmate by referring the matter for further investigation or taking other appropriate administrative action may in some cases fulfill an official's protective duties under the Eighth Amendment." *Bishop v. Hackel*, 636 F.3d 757, 769-770 (6th Cir. 2011).

Accordingly, because the complaint does not assert that plaintiff was physically harmed as a result of any of the defendants' actions, it fails to state a failure-to-protect claim.

**B. Respondeat Superior**

The complaint names several supervisors, including MDOC Director Washington, Warden Warren, and MDOC Deputy Director Rapelje, as defendants. Plaintiff asserts that these defendants failed to train, supervise, or make policies for their subordinates to follow to provide for adequate protection from other inmates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The

7

acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, plaintiff fails to state a claim against these defendants or any other of the named supervisors to the extent it attempts to hold them liable on a theory of respondeat superior.

**C. Misconduct Investigators and Hearing Officers**

The complaint names several defendants whose alleged involvement in the events amounted to their finding him guilty of the misconduct of failing to comply with a direct order: Assistant Deputy Warden Greason, V. Hinorosa, RUM Kinner, Hearing Officer Szappan, Mental Health Specialist Levine, and RUM Grant.

A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486-87 (1995). The Sixth Circuit has held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, 2000 WL 876765, at *2 (6th Cir. June 23, 2000).

Plaintiff asserts only that his misconduct resulted in his placement in administrative segregation and the loss of privileges. Plaintiff does not allege that he lost any good-time credits. Because the misconduct charge did not implicate a liberty interest, plaintiff does not state a claim against these defendants.

**D. Grievance Respondent**

Plaintiff asserts that defendant Grievance Coordinator Taylor is liable for failing to address grievances he filed regarding the alleged failure to protect him. Generally, where a defendant's "only role[] ... involve[s] the denial of administrative grievances or the failure to act ... [he or she] cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.") Plaintiff's only claim against Taylor is that she did not adequately respond to his grievances. Accordingly, he has failed to state a claim against her.

**V. Order**

For the foregoing reasons,

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** for

plaintiff's failure to state a claim against any of the named defendants.

Dated: May 7, 2019
                                                          s/ Sean F. Cox
                                                          Sean F. Cox
                                                          U. S. District Judge